EDWIN A. LOMBARD, Judge.
I,The plaintiff, Martha Hohensee, appeals the summary judgment in favor of defendants Sean C. Turner and Charles Texton, dismissing them in their individual capacities from the lawsuit. After de novo review, we reverse the judgment of the trial court.

Relevant Facts and Procedural History

On September 10, 2007, the plaintiff entered into a contract with the defendants to build her house in the Lakeview area of New Orleans, Louisiana. She was unhappy with the result and, on October 14, 2010, filed this lawsuit. The named defendants included both Modern Classic Concepts, L.L.C. (“the LLC”) and Mr. Turner in his individual capacity. By supplemental petition filed on January 27, 2011, Mr. Texton was added as a defendant in his individual capacity. In the supplemental petition, the plaintiff alleged that both Mr. Turner and Mr. Sexton were personally liable for the defective construction of her house because they “acted ... as the qualifying person for the licensure of defendant Modern Classic Concepts, LLC, as a residential contractor” and “shared the lead responsibility for managing the construction project made the subject of the proceedings.”
| ;.On February 24, 2011, Mr. Turner filed a peremptory exception of no cause of action “in his capacity as member, manager and/or employee” of the LLC, alleging that the plaintiff had no cause of action against him personally as the builder of her home.[1] The following day, February 24, 2011, Mr. Sexton filed an identical exception of no cause of action. After a hearing on May 20, 2011, the trial court sustained the peremptory exceptions filed on behalf of Mr. Turner and Mr. Sexton, allowing the plaintiff thirty days to amend her petition to state a cause of action against Mr. Turner and/or Mr. Sexton.
On June 30, 2011, the plaintiff filed her second supplemental and amended petition, asserting that the two men were personally liable because the contract signed on September 10, 2007 was a not a contract with the LLC but, rather, was a contract with Mr. Turner and Mr. Sexton individually and because they committed fraud concerning the LLC’s contractor license by failing to inform her that the LLC “did not hold Louisiana state contracting licenses.”
In September 2012, motions for summary judgment were filed on behalf of both Mr. Turner and Mr. Sexton. After a hearing on January 11, 2013, the trial court rendered summary judgment in favor of both Mr. Turner and Mr. Sexton.
The plaintiff timely filed this devolutive appeal.

IsApplicable Law

A summary judgment is properly granted only “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to *143 judgment as a matter of law.” La.Code Civ. Proc. art. 966(B).

Standard of Review

On appeal, we review a summary judgment de novo, using the same criteria that governs the trial court’s determination of whether summary judgment is appropriate, i.e., whether there exists any genuine issue of material fact and whether the movant is entitle to summary judgment as a matter of law. Samaha v. Rau, 07-1726, pp. 3-4, 977 So.2d 880, 882-83.

Discussion

In their motions for summary judgment, both Mr. Sexton and Mr. Turner argue that the plaintiffs claims against them in their individual capacity must be dismissed because at all relevant times they were employees and members of the LLC and acted only in that capacity. In support of these motions, various documents are attached as exhibits, including the contract between Mr. Sexton, Mr. Turner and the plaintiff. The document, entitled “Modern Classics Concept, LLC, Document 171, Contract between Owner and Contractor for New Home,” appears to be a standard form contract. Directly beneath the title, the addresses of “Contractor: Modern Classic Concepts, L.L.C.” and “Owner: Ms. Martha Hohensee” are listed.
The preamble of the contract states:
|4This agreement made this 10 day of September, 2007 by and between Sean C. Turner and Charles “Chuck” Sexton, hereinafter called the Contractor/builder and, Ms. Martha Hohensee, hereinafter called the Owner.
Paragraph 3 of the document, pertaining to payment of the contract price, states that “All draws, except final, are to be made payable to Modern Classic Concepts, L.L.C.... ” Paragraph 18 states “the Agreement constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter within it.”
Finally, the signatory page provides designated areas for the “CONTRACTOR” and “OWNER” to sign the contract. Immediately below “CONTRACTOR,” is the subtitle: “Company Name: MODERN CLASSICS CONCEPTS, L.L.C.” The third line provides only “Signature:” followed by Mr. Turner’s handwritten signature and the fourth line provides only “Signature:” followed by Mr. Sexton’s handwritten signature. There is no indication that either Mr. Turner or Mr. Sexton signed the document in anything other than their individual capacity, ie., the signature lines bear only their signatures without any indication that the men signed as members of the LLC or on behalf of the LLC.
The meaning and intent of the parties to a written instrument is ordinarily determined from the instruments four corners. See Ortego v. State Department of Transportation and Development, 96-1322 (La.2/25/97), 689 So.2d 1358, 1363 (citation omitted). Moreover, “[a] contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party.” La. Civ.Code art. 2056. The standard contract form in this case, provided by the LLC, has the equivalent of an LLC letterhead. The preamble of the contract explicitly states, |showever, that the contract is between Mr. Turner and Mr. Sexton as “Contracter/builder” and the plaintiff. In addition, the defendants signed in their individual capacities, not as members of the LLC. Thus, there is clearly a genuine issue as to whether the defendants confected the contract with the plaintiff in their individual capacity. Accordingly, as a matter of law, the defendants are not entitled to dismissal from the *144 lawsuit in their individual capacities. As such, any discussion as to the applicability of Ogea v. Merritt, 13-1085 (La.12/10/13), 130 So.3d 888, 2013 WL 6439355, is pretermitted.

Conclusion

After de novo review, we deny the defendants’ motions for summary judgment and reverse the judgment of the district court.
REVERSED.

. By definition a LLC (limited liability company) is "an unincorporated association,” not a corporation. La.Rev.Stat. 12:1301(10). The liability of LLC members is governed solely and exclusively by the provisions of La.Rev. Stat. 12:1320(A). Thus, no member of an LLC is liable for the debt of a LLC except in the case of fraud or a "breach of professional duty or other negligent or wrongful act.” La. Rev.Stat. 12:1320(D). Therefore, only in narrowly defined circumstances can an individual member of an LLC be subject to personal liability for obligations for which the LLC would be solely liable.” Ogea v. Merritt, 13-1085, p. 6 (La.12/10/13), 130 So.3d 888, 2013 WL 6439355. Similar to the concept of "piercing the corporate veil,” these exceptions may be characterized as "piercing the company veil.” Id., n. 3.